## CRULL v. MORGAN.

DISCRETION OF REVIEWING COURT—JUDGMENT AS TO COSTS.

Where the error in a judgment, rendered by a justice of the peace consists only in the taxing of the costs, the court of common pleas, on error, might have reversed such judgment as to such costs erroneously taxed only. But that court had the authority in its discretion to reverse the judgment in toto, and the circuit court will not reverse the judgment of the common pleas for such action.

ERROR to the Court of Common Pleas of Scioto county.

The plaintiff in an action before a justice of the peace recovered a judgment against the defendant for the amount due on a promissory note, and the justice of the peace in entering the judgment in favor of the plaintiff for all the costs of the suit, in which judgment for costs was included the costs incurred by the defendant as well as those made by the plaintiff. The costs of both the plaintiff and defendant were separately taxed in the margin as required by law. The plaintiff in error in the common pleas complained of the judgment rendered against him by the justice of the peace for the reason that the justice rendered judgment against him for all the costs of the case, including the costs of the defendant below, when judgment ought to have been rendered against him for the amount of the debt and the costs of the plaintiff below, and asked that the same be reversed. The defendant in error filed an offer in the common pleas to remit from the judgment rendered by the justice of the peace the amount of the defendant's costs, and consented that the judgment as to such costs be reversed.

The court of common pleas reversed the judgment in *toto*.

CHERINGTON, J.

Held, 1. The judgment rendered as to the costs was erroneous, but was one which the common pleas court could have remedied by modification if, in the exercise of its sound discretion, it had deemed it advisable so to do, and it was not incumbent upon the common pleas court to reverse the judgment in *toto*, but the same could have been reversed as to the costs erroneously taxed.

Had this court been the first reviewing court, the judgment would have been modified.

2. The court of common pleas having declined to reverse the judgment of the justice as to such costs erroneously taxed only, but having reversed the same in *toto* the circuit court cannot question its authority in this respect on error, and will affirm the judgment of the court of common pleas.

*John C. Milner*, for Defendant in Error, cited 31 Ohio St., 636, 637, 293. Section 6708, Revised Statutes.

*Bannon & Bannon*, for Plaintiff in Error, cited 37 Ohio St., 442, 443, 434; 33 Ohio St., 459; 34 Ohio St., 400; 31 Ohio St., 293; 5 Ohio, 276. Sections 6708, 6709, 1318, Revised Statutes.